## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CASE NO.: _____

LUXOTTICA GROUP S.p.A., an
Italian corporation, and OAKLEY, Inc.,
a Washington corporation,

      Plaintiffs,

v.

SHUN   HAO   GIFT   SHOP   LLC,   a
Massachusetts limited liability company, and
SHUN LU ZHANG, individually,

      Defendants.

_____/

## COMPLAINT

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. hereby sue Defendants Shun Hao Gift Shop LLC and Shun Lu Zhang, individually (hereinafter collectively referred to as the "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

2.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside and have their principal place of business and continue to infringe Luxottica Group's and Oakley's famous trademarks in this Judicial District.

## PARTIES

3.     Plaintiff Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with its principal place of business in Milan, Italy.

4.     Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Foothill Ranch, California.   Oakley is an indirect wholly-owned subsidiary of Luxottica Group.

5.     Defendant Shun Hao Gift Shop LLC is a Massachusetts limited liability company that operates a retail business located at 1349 Hyde Park Ave., Hyde Park, MA 02136.   As alleged herein, Shun Hao Gift Shop LLC has engaged in the promotion and sale of counterfeit products within this Judicial District.

6.     Defendant Shun Lu Zhang, upon information and belief is a resident of Suffolk County, Massachusetts.   Defendant Zhang is a principal, officer, manager and director of Shun Hao Gift Shop and is the moving force behind Shun Hao Gift Shop LLC's operations.

## FACTUAL ALLEGATIONS

A.     **The World-Famous Luxottica Brands and Products**

7.     Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.   Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

8.     Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America,

OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9.     Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Florida.

10.     Luxottica Group has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint (collectively, the "Ray-Ban Marks").

11.     Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks.  As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

12.     Luxottica Group is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | For: sunglasses, shooting Glasses, and ophthalmic lenses, in class 9. |
| 1,080,886 | **RAY-BAN** | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles,  in class 9. |
| 1,093.658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, |

| | | |
|---|---|---|
| | | spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles, in class 9. |
| 1,320,460 | *Ray-Ban* | For: sunglasses and carrying cases therefor, in class 9. |
| 1,490,305 | **RAY-BAN** | For: clothing, namely, t-shirts, in class 25. |
| 1,726,955 | *Ray-Ban* | For: for: bags; namely, tote, duffle and all purpose sports bags, in class 18. For: cloths for cleaning opthalmic products, in class 21. For: clothing and headgear; namely, hats, in class 25. |
| 2,718,485 | **RAY-BAN** | For: goods made of leather and imitation Leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards, in class 18. For: clothing for men and women, namely, polo shirts; headgear, namely, berets and caps, in class 25. |
| 3,522,603 | *Ray-Ban* | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

13.     Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks.[1]   These registrations are valid and subsisting and the majority are incontestable.

---

[11] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb were assigned in full to Luxottica Group in 1999.

14.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15.     The registration of the marks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

16.     The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17.     The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.      The World Famous Oakley Brand and Products.**

18.     Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

19.     Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Massachusetts.

20.     Oakley has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Complaint (collectively, the "Oakley Trademarks").

21.     Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks.  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley, and have acquired strong secondary meaning.

5

22.     Oakley is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Oakley Trademarks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,521,599 | OAKLEY | For: class 9 sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces. |
| 1,980,039 | OAKLEY | For: class 9 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories. |
| 1,356,297 | OAKLEY | For: classes 9, 25 goggles, sunglasses, protective pads for elbows, feet and knees. clothing - namely t-shirts; gloves; racing pants; hats; sweatshirts; sport shirts, jackets, jeans, jerseys and ski pants, jackets, hats, gloves and socks. |
| 1,519,596 | OAKLEY | For: class 9 sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces. |
| 1,902,660 | OAKLEY | For: class 16 printed material, namely decals and stickers. |
| 1,990,262 | OAKLEY | For: class 9 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories. |

| | | |
|---|---|---|
| 3,151,994 | | For: class 9 protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories |
| 2,209,416 | | For: classes 9, 25 protective and/or anti-glare eyewear, namely, goggles, and their parts and accessories, namely, cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories; clothing, headwear and footwear, namely, t-shirts, hats, shorts, shirts, pants, jackets, sweatshirts, shoes, and pullovers |
| 1,927,106 | | For: class 16 printed material, namely decals and stickers |
| 1,984,501 | | For: classes 9, 25 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories; clothing and headwear, namely t-shirts, sweatshirts, jackets, hats, and caps |
| 1,904,181 | | For: class 9 protective and/or anti-glare eyewear, namely sunglasses, goggles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips, cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories |

23.    Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademarks.  These registrations are valid and subsisting and the majority are incontestable.

24.    The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

7

25.     The registration of the marks also provides constructive notice to Defendant of Oakley's ownership and exclusive rights in the Oakley Trademarks.

26.     The Oakley Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

27.     The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C.     Defendants' Infringing Conduct**

28.     On October 18, 2018 Luxottica Group's investigator visited the Shun Hao Gift Shop located at 1349 Hyde Park Ave., Hyde Park, MA 02136. During that visit, the investigator discovered that Defendants were distributing, advertising, publicly displaying, offering for sale, and/or selling dozens of sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban and Oakley Trademarks (hereinafter referred to as the "Counterfeit Products").   Below is a photograph depicting the many sunglasses that were displayed at the time of the investigator's visit:



29.   Luxottica Group's investigator purchased one pair of sunglasses bearing counterfeits of the Ray-Ban trademarks and one pair of sunglasses bearing counterfeits of Oakley's trademarks for a total of $21.23.



30.   The purchased items were inspected by Luxottica Group on behalf of both Plaintiffs, and it was determined that the sunglasses bearing reproductions of the Oakley and Ray-Ban's trademarks were in fact counterfeit products that infringed Luxottica Group's and Oakley's trademarks.

31.   Defendants have no license, authority, or other permission from Luxottica Group or Oakley to use any of the Ray-Ban and Oakley Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Products.

32.   The forgoing acts of the Defendants constitutes direct trademark infringement in violation of federal law.

33.   The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban and Oakley products offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group and Oakley.

34.     The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban and Oakley products and Luxottica Group and Oakley.

35.     Defendants are well aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands, the Luxottica Group and Oakley Trademarks, and the incalculable goodwill associated therewith.

36.     Defendant Zhang has materially contributed to and facilitated the above-described infringement of the Luxottica Group and Oakley trademarks by having permitted the offering for sale and the sale of counterfeit and infringing Ray-Ban and Oakley items by Shun Hao Gift Shop LLC through (i) Defendant Zhang's knowledge of the offering for sale and the sale of the infringing item, (ii)  Defendant Zhang's constructive knowledge of the offering for sale and the sale of the infringing item or, alternatively, (iii) Defendant Zhang's willful blindness to the offering for sale and the sale of the infringing item.

37.      Defendants' knowing and deliberate hijacking of Luxottica Group's and Oakley's famous marks, and sale of their Counterfeit Products have caused, and continues to cause, substantial and irreparable harm to Luxottica Group's and Oakley's goodwill and reputation.  In addition, the damages caused by Defendants are especially severe because the Counterfeit Products were cheap, inexpensive and inferior in quality to those authentic to Ray-Ban and Oakley products.

38.     The harm being caused to Luxottica Group and Oakley is irreparable and Luxottica Group and Oakley do not have an adequate remedy at law. Luxottica Group and

Oakley therefore seek the entry of an injunction preventing the sale of counterfeit Ray-Ban and Oakley products by Defendants.

39.     Luxottica Group and Oakley also seek damages, including exemplary damages and attorneys' fees, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's and Oakley's trademarks.

## COUNT I

### Trademark Counterfeiting
### (15 U.S.C. § 1114)

40.     Luxottica Group and Oakley repeat and re-allege the allegations set forth in Paragraphs 1 through 39 above.

41.     Defendants without authorization from Luxottica Group and Oakley, have used spurious designations that are identical to, or substantially indistinguishable from the Ray-Ban and Oakley Trademarks.

42.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban and Oakley products offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group and Oakley.

43.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban and Oakley products and Luxottica Group and Oakley.

44.     Defendants have infringed Luxottica Group's and Oakley's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Shun Hao Gift Shop LLC and Shun Lu Zhang, jointly and severally, as follows:

A.      Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their agents, employees, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1.      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Luxottica Group and Oakley Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Products, and engaging in any other activity constituting an infringement of any of Luxottica Group's and Oakley's rights in the Trademarks;

2.      engaging in any other activity constituting unfair competition with Luxottica Group and Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group and Oakley;

C.      Requiring Defendants to file with this Court and serve on Luxottica Group and Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.      Directing such other relief as the Court may deem appropriate to prevent

consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Luxottica Group and Oakley, or is related in any way with Luxottica Group and Oakley and/or their products;

E.      Awarding Luxottica Group and Oakley statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F.      Awarding Luxottica Group and Oakley their costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Luxottica Group and Oakley pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H.      Awarding Luxottica Group and Oakley such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group and Oakley request a trial by jury in this matter.

Dated this 13th day of November, 2018.

Respectfully submitted,

**LUXOTTICA GROUP S.p.A. and OAKLEY, Inc.**

By their attorney,

*/s/ Daniel N. Smith*
Daniel N. Smith (BBO# 668943)
NEW ENGLAND PATENT & TRADEMARK
301 Edgewater Place, Suite 100
Wakefield, MA 01880
(978) 882-0160
smith@patentstrademarklaw.com